UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NUMBER: 3:09CR-00170-JHM

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.

PHECH HOU ENG, et al.                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Phech Hou Eng's combined motion for judgment of acquittal and motion for new trial [DN 1329]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **DENIES** the Defendant's combined motion.

### I. MOTION FOR JUDGMENT OF ACQUITTAL

The Defendant seeks a judgment of acquittal on her conviction for conspiracy to commit marriage fraud as charged in Count 1 of the third superseding indictment [DN 914].

A Rule 29 motion for judgment of acquittal "is a challenge to the sufficiency of the evidence." United States v. Jones, 102 F.3d 804, 807 (6th Cir.1996). "Evidence is sufficient to support a criminal conviction if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see also United States v. Humphrey, 279 F.3d 372, 378 (6th Cir.2002)); United States v. Harrod, 168 F.3d 887, 889-90 (6th Cir.1999). "In ruling on a sufficiency of the evidence challenge, the Court does not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for that of the jury." United States v. Cannady, 2006 WL 1718193, *2 (E.D.Ky. June 21, 2006).

Defendant Eng argues that the government did not sufficiently prove the single conspiracy charged in the indictment. She states that the proof at trial "demonstrated a rimless wheel conspiracy in which the various defendants entered into separate agreements regarding their own marriages." (Def.'s Motion, 3 [DN 1329].) Aside from the four defendants allegedly being involved in fraudulent marriages, Defendant argues that there was no common agreement or significant interdependence between the four defendants. Therefore, she contends that there was a variance from the charged single conspiracy and the proven crime of multiple conspiracies.

In response the United States contends that the evidence and testimony of its witnesses proved the single marriage fraud conspiracy. The United States argues that the evidence demonstrated that there was a common goal, the goal was shared by the four defendants who were aware that the conspiracy was larger than their own individual interactions, and there was a small group of individuals who provided fraudulent marriages for a fee in order for Cambodian national to come to the United States. It states that the evidence showed the organizers used a single scheme in order to facilitate fraudulent marriages, suggesting a single conspiracy. Furthermore, the United States argues that there was evidence of substantial overlap in the relationships of the participants in the marriage fraud conspiracy.

Under 18 U.S.C. § 371, it is illegal for "two or more persons [to] conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose." "To prove conspiracy, the government must establish: (1) the existence of an agreement to violate the law; (2) knowledge and intent to join the conspiracy; and (3) an overt act constituting actual participation in the conspiracy." United States v. Hughes, 505 F.3d 578, 593 (6th Cir.2007) (citing United States v. Martinez, 430 F.3d 317, 330 (6th Cir.2005); United States v. Jamieson, 427 F.3d 394, 402 (6th Cir.2005)). "'A tacit or mutual understanding among the parties

to a conspiracy is sufficient to establish the agreement[,and] conspiracy may be inferred from circumstantial evidence which may reasonably be interpreted as participation in a common plan.'" Id. (quoting United States v. Walls, 293 F.3d 959, 967 (6th Cir.2002) (internal citations omitted)). The government is not required "to prove that each member of a conspiracy knew every detail or the identity of all the other members involved in the conspiracy." United States v. Crossley, 224 F.3d 847, 856 (6th Cir.2000) (citing United States v. Rogers, 118 F.3d 466, 478 (6th Cir.1997)). "The government, however, must show that a particular defendant knew the object of the conspiracy and 'voluntarily associated himself with it to further its objectives.'" Id. (quoting United States v. Gibbs, 182 F.3d 408, 421 (6th Cir.1999)). See also Jamieson, 427 F.3d at 402. "Whether single or multiple conspiracies have been shown is usually a question of fact to be resolved by the jury under proper instructions[.] United States v. Grunsfeld, 558 F.2d 1231, 1238 (6th Cir. 1977); see also United States v. Segines, 17 F.3d 847, 856 (6th Cir. 1994).

The evidence presented at trial demonstrated that there were several organizers of the conspiracy, Vuthea Niev, a/k/a T, Michael Chanthou Chin, Patrick Then Chea, Phearoun Peter Em, a/k/a Sophea Lim, Monirath Em, a/k/a Angel, and Kong Cheng Ty. The government connected ties between the organizers. These organizers would recruit American citizens to marry Cambodian nationals for a fee. While Defendant Eng was not a main conspirator, Vuthea Niev testified that he recruited Larry Hibbard to marry Eng and was paid a fee for organizing the marriage. Hibbard traveled to Cambodia with Niev and three other Americans who were to marry Cambodian nationals, one of whom, Sokbay Lim, was a co-defendant of Eng at trial. Defendant Eng states that there was no alleged connection between Eng, and co-defendants Sona Ngov and Sokunthy So, however, "a single conspiracy does not become multiple conspiracies simply because each member of the conspiracy did not know every other member, or because each member did not know of or become

involved in all of the activities in furtherance of the conspiracy. United States v. Warner, 690 F.2d 545, 549 (6th Cir. 1982); see also Crossley, 224 F.3d 847. The United States provided evidence that the defendants shared a common goal, and were aware of multiple individuals involved in achieving that goal of marrying American citizens in order to obtain lawful permanent resident status. Reviewing the evidence in a light most favorable to the government, the Court finds that there was sufficient evidence for a jury to convict Eng for conspiracy to commit marriage fraud.

Additionally even if the Court were to find a variance between the crime charged and the crime proved, "finding a variance does not mandate a reversal." United States v. Swafford, 512 F.3d 833, 842 (6th Cir. 2008). A variance constitutes reversible error only if the defendant is prejudiced. Id. "Where the evidence demonstrates only multiple conspiracies, a defendant is prejudiced if the error of trying multiple conspiracies under a single indictment substantially influenced the outcome of the trial." Id. at 842. Defendant Eng has failed to articulate how she was prejudiced by the variance on the proof of the conspiracy count. The two common forms of prejudice are "(1) where the defendant is unable to present his case and is 'taken by surprise by the evidence offered at trial,' . . . or (2) where the defendant is 'convicted for substantive offenses committed by another.'" Id. (citations omitted). There was no surprise evidence and the United States provided evidence that each defendant at trial lived in Cambodia, became engaged or married to a United States citizen, and came to the United States. Defendant Eng has not shown that she was prejudiced by any other defendants' actions or substantive offenses.

## II. MOTION FOR NEW TRIAL

Rule 33 provides that "[u]pon a defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). The decision of whether to grant a new trial is committed to the "sound discretion of the trial judge." U.S. v. Barlow, 693

F.2d 954, 966 (6th Cir.1982); United States v. Pierce, 62 F.3d 818, 823 (6th Cir.1995). When presented with a Rule 33 motion, the district court may weigh the evidence and assess the credibility of the witnesses. "It has often been said that he/she sits as a thirteenth juror." United States v. Solorio, 337 F.3d 580, 589 n. 6 (6th Cir.2003) (internal citations omitted). However, "new trial motions are disfavored and should be granted with caution." United States v. Willis, 257 F.3d 636, 645 (6th Cir.2001) (citation omitted). The trial court should exercise this discretion "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." United States v. Ashworth, 836 F.2d 260, 266 (6th Cir.1988). The Defendant bears the burden of proving that a new trial should be granted. United States v. Davis, 15 F.3d 526, 531 (6th Cir.1994); United States v. Turner, 995 F.2d 1357, 1364 (6th Cir.1993). Based on this standard, the Court shall address Defendant's arguments in support of their motion for new trial.

Defendant Eng first argues she should be granted a new trial because the "prosecution should not have been permitted to argue that the crimes charged in the indictment do not involve human trafficking after stating to this Court in multiple plea agreements that the case involved human trafficking." (Eng's Motion, 5 [DN 1329].) In the plea agreements for Vuthea Niev and Donald McKinley Martin, the term 'human trafficking' was used, and Defendant Eng states that Niev testified that Eng and the co-defendants were victims of a human trafficking ring but the United States disavowed its prior representation, stating this was not human trafficking. Defendant Eng contends that judicial estoppel prohibits the United States from rejecting its previous position.

In response, the United States contends that the position of the United States was that Eng was a co-conspirator in a marriage fraud conspiracy, never that she was involved in 'human trafficking.' The United States points out that the term can not be found anywhere in the indictments. Furthermore, the term 'human trafficking' was used only twice in Niev's plea

agreement and once in Martin's, and never was a legal theory promoted by the United States. All of the evidence presented at trial, the United States argues, was that this was a marriage fraud conspiracy case, and the Defendants did not even put forth evidence that they were victims of human trafficking.

The doctrine of judicial estoppel prohibits a party from asserting a position in a legal proceeding that is contrary to a position successfully taken by the party in some earlier legal proceeding. Reynolds v. Commissioner of Internal Revenue, 861 F.2d 469, 472 (6th Cir. 1988).

> Although this estoppel doctrine is equitable and thus cannot be reduced to a precise formula or test, several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position .... A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Zedner v. U.S., 547 U.S. 489, 504 (2006) (citations omitted). "Judicial estoppel is an extraordinary remedy to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice. Eckstein v. Cincinnati Ins. Co., 469 F.Supp.2d 455, 463 (W.D. Ky. January 10, 2007) (quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 365 (3d Cir. 1996)).

The Court agrees with the United States that its position throughout the case has been that Eng was a co-conspirator in a marriage fraud conspiracy. The indictments make no mention of human trafficking, and the only place the term was mentioned was in plea agreements of two defendants, but no charges were ever brought against any defendant regarding human trafficking. The United States' position from the first indictment has been that the defendants were engaged in a marriage fraud conspiracy. The use of the term 'human trafficking' three times in the plea agreements of two individuals does not represent the United States' position at any point in time.

The United States never argued in any pretrial memorandum, motion, or at trial that this case involved human trafficking. As it was never a position by the United States, it was never accepted by the Court and is not a basis for granting a new trial.

Second, Defendant Eng asks for a new trial based on the Court excluding her expert testimony. Defendant Eng's expert, Dr. Heuveline, would have testified about Cambodia's political and social history, societal views and customs, arranged marriages in Cambodia and the perception of marriage as a business arrangement. Defendant Eng argues that the Court overruled the United States' objections to similar evidence at trial, finding it relevant. Furthermore, Eng states that if her testimony had been required to introduce the expert's testimony, she would have testified. Since the core of Dr. Heuveline's proposed testimony would have been admissible, Defendant Eng argues she should be granted a new trial.

The United States responds by pointing to the Court's Order, dated September 22, 2012. In that Order the Court ruled that Dr. Heuveline's testimony should be excluded. The United States argues that Defendant Eng provides no new basis for admitting her expert testimony and does not explain how it would assist the trier of fact in determining whether Eng's marriage was entered into for the purpose of evading the immigration laws.

As the Court stated in its September 22, 2012 Order, the question in this case is not whether the marriages were arranged, or that money exchanged hands, but whether the marriages were entered into for the purpose of evading the immigration laws of the United States. While evidence about Cambodian culture came in through testimony at times, the Court reiterates its findings in the September 22, 2012 Order excluding Defendant Eng's expert testimony since it would not aid the trier of fact in determining if Defendant Eng entered into a marriage for the purpose of evading the immigration laws.

Lastly, Defendant Eng argues that the Court should grant a new trial because counsel for a co-defendant, Sokbay Lim, slept through significant portions of trial on October 1, 2012. While discussing the basis for ineffective assistance of counsel, Defendant Eng states she was prejudiced by the counsel's actions because her counsel attempted to wake up Sokbay Lim's counsel and spent his time and energy focusing on Sokbay Lim's counsel, rather than focusing on Defendant Eng. Since the Defendants were charged with conspiracy, there is danger of spill-over prejudice to co-defendants.

The United States first states that Defendant Eng overstates Lim's counsel's actions during the trial as Lim's counsel had brief moments of nodding off during a half day of trial. The United States argues that Defendant Eng was not prejudiced and has not stated how she was prejudiced. Additionally, the United States points out that the Court ruled on this issue in chambers the following day.

The conduct of Lim's counsel does not warrant a new trial. As stated previously, in deciding a Rule 33 motion for a new trial, the trial court should exercise the discretion "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." United States v. Ashworth, 836 F.2d 260, 266 (6th Cir.1988). While Defendant Eng discusses several cases regarding ineffective assistance of counsel, she fails to articulate how she was prejudiced besides just a general statement about spill over prejudice. Furthermore, regardless of the conduct of Lim's counsel, the evidence presented at trial does not "preponderate heavily against the verdict." Accordingly, the Court does not find that the interest of justice requires a new trial.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the combined motion for judgment of acquittal and motion for new trial [DN 1329] is **DENIED**.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

January 4, 2013

cc: counsel of record